

**WIESE LAW FIRM, P.C.**
Attorneys at Law

344 Willis Avenue
Mineola, New York 11501
(T) 212-471-5108 (F) 646-585-0026

___

3 March 2021

Via CM-ECF

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Mikucka v. CVS Pharmacy, Inc.*, 21-CV-00951-BMC
             Joint initial status conference letter

Dear Judge Cogan:

    My office represents plaintiff Bozena Mikucka ("Mikucka") in the captioned matter. Please accept this joint letter pursuant to your Honor's initial status conference directive. This conference is currently set for 11 March 2021 at 12:00 PM. (DE #6).

    Mikucka, 53-years-old, while patronizing a CVS Pharmacy located at 61-15 Metropolitan Avenue, Queens, New York ("store"), fell after her leg struck an endcap pallet ("endcap") used to display merchandise obstructing a portion of the aisle. She reported the incident to the store and was taken from the scene by an FDNY ambulance to LIJ-Forest Hills Hospital. Without the benefit of having reviewed surveillance video preserved by defendants CVS Pharmacy, Inc. ("CVS") and CVS Albany, LLC ("CVS-Albany") (collectively "defendants"), a preliminary investigation revealed four colorable disjunctive safety violations.

    First, defendants employed an endcap that exceeded the width of the shelving and encroached the aisle. Second, defendants employed a black (or dark) endcap that inadequately contrasted with, and blended into, the black (or dark) carpeting. Third, the endcap had very little, to no, remaining merchandise rendering it difficult to appreciate. *E.g.*, *Accident Prevention Manual For Business & Industry*, Administration & Programs pp. 791-92 (13th ed.). Likewise, there are two prior (similar) lawsuits from Illinois supporting the inference that CVS was cognizant of the risk associated with employing endcaps in this manner and had internal safety protocols to mitigate against this type of accident. As a result of this accident, Mikucka, principally, underwent a 2-level cervical fusion on 9 February 2021.

    Based on its continuing investigation, defendants will likely argue that any hazard was open-and-obvious, there were no safety violations at the subject store, it lacked notice of the underlying condition, or, alternatively, the merchandising was prepared by a third-party vendor, and Mikucka's comparative fault was significant. With respect to her injuries, defendants will argue a lack of causation between the herniated discs repaired in the fusion and the fall.

Mikucka originally commenced suit on 8 February 2021 in New York State Supreme Court, Queens County, and defendants timely removed this action to the Eastern District of New York on 22 February 2021. (NYSCEF DE #2). The basis for jurisdiction is diversity: Mikucka is a New York resident and defendants are residents of Rhode Island thru CVS's principal place of business. And CVS-Albany, vis-à-vis its sole member CVS, is the same. *Mahoney-Fernandes v. CVS Pharm. Inc.*, No. 20-CV-6474, 2020 U.S. Dist. LEXIS 209317, at *3 (S.D.N.Y. Nov. 9, 2020). The current settlement demand exceeds $75,000.

The parties mutually reserve their right to move for summary judgment on liability. Depending on the nature of the video surveillance captured and paper discovery, the parties should have firm knowledge as to whether there are material issues of fact.

Respectfully submitted,

Wiese Law Firm, P.C.

*SA*

Si Aydiner

cc: Via CM-ECF

Melissa Manna, Esq.
Counsel for defendants