

Cullen and Dykman LLP
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
T: 516.357.3700
F: 516.357.3792

MELISSA MANNA
PARTNER
DIRECT: 516-357-3753
E-mail: MMANNA@CULLENLLP.COM


Via CM-ECF

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Mikucka v. CVS Pharmacy, Inc.*, 21-CV-00951-BMC
    <u>Pre-Motion conference request</u>

Dear Judge Cogan:

We represent the defendants in the above-captioned action. Pursuant to Your Honor's Individual Practices, we write to respectfully request a pre-motion conference in relation to defendants' seeking leave to file a motion for summary judgment, under F.R.C.P. Rule 56. This letter serves to summarize the basis for such motion.

In the subject action, plaintiff, a 54 year-old female, alleges that she was injured at a CVS store located in Ridgewood, New York on September 15, 2020 when she tripped and fell over a pallet that was protruding into an aisle. Plaintiff claims that as a result of the trip and fall she sustained cervical injuries and underwent cervical fusion surgery. The subject "pallet" is actually a bulk stock holder, and its dimensions are 37" x 37" x 5".  The bulk stock holder is black in contrast to the gray carpeting in the aisle.

The basis for the anticipated motion, is that the discovery conducted to date, reveals that there is no negligence attributable to CVS. The condition involved was open and obvious, and thus CVS owes no duty to plaintiff. Furthermore, even if the condition was not open and obvious, (which is not conceded), plaintiff admittedly, was walking backwards at the time of the subject accident, looking away from the bulk stock holder.

Plaintiff testified that she was shopping in aisle 7 of the store, when a woman with a baby stroller and a toddler approached her in the aisle and told her to "get away" as it is Corona, which surprised the plaintiff. Plaintiff then took two steps backwards, while she was looking toward the front of the aisle and her left foot impacted the bulk stock holder and she fell. The bulk stock holder was at the back of aisle 7 in between aisles 7 and 8.

The subject action was originally commenced by plaintiff in the Supreme Court of New York, Queens County, and was subsequently removed to Federal Court on the basis of diversity. As such, New York law governs the substantive claim. *Erie R. Co. v Tompkins,* 304 U.S. 64 (1938).

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Aetna Cas. & Ins. Co. v. United States*, 685 F. Supp. 334, 336 (E.D.N.Y. 1988)

To establish a prima facie case of negligence under New York law, a plaintiff must show that: "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as the proximate result of that breach." *See Stagl v. Delta Airlines, Inc.,* 52 F.3d 463, 467 (2d Cir.1995). Property owners have a duty to provide reasonably safe premises whenever the general public is invited onto the property. *See Michalski v. Home Depot, Inc.,* 225 F.3d 113, 117 (2d Cir.2000); *Peralta v. Henriquez,* 100 N.Y.2d 139, 143, 760 N.Y.S.2d 741, 790 N.E.2d 1170 (2003).

However, a property owner generally need not protect or warn customers against risks posed by conditions that are open and obvious and, as a matter of law, not inherently dangerous. *Matteo v. Kohl's Dep't Stores, Inc.*, No. 09 CIV. 7830 RJS, 2012 WL 760317, at *7 (S.D.N.Y. Mar. 6, 2012), aff'd, 533 F. App'x 1 (2d Cir. 2013).

Whether a hazard is open and obvious is typically a question of fact, but a court may resolve this question when the established facts compel the conclusion that the hazard was open and obvious. *See: Michalskiv. Home Depot, Inc.* 225 F.3d 113, 121 (2000). *See also*: *Schulman v. Old Navy/The Gap, Inc.,* 845 N.Y.S.2d 341, 342 (1st Dept 2007)(reversing and granting summary judgment in favor of store because there was no question that the bracket the shopper tripped over was open and obvious and not inherently dangerous).

"While property owners and business proprietors have a duty to maintain their premises in reasonably safe condition, there is no duty to protect or warn against conditions that are in plain view, open, obvious, and readily observable by those employing the reasonable use of their senses." *Pinero v. Rite Aid of New York, Inc.,* 294 A.D.2d 251, 252, 743 N.Y.S.2d 21, 23, aff'd, 99 N.Y.2d 541, 783 N.E.2d 895 (1st Dept 2002) (internal citations omitted).

The bulk stock holder was not only readily observable, had plaintiff been looking where she was going, but the aisle width and area surrounding the bulk stock holder conformed with ADA standards and NYS Building Code.

Here, based upon the plaintiff's testimony, the testimony of the CVS witnesses, and photographic evidence, the bulk stock holder was open and obvious and was not inherently dangerous. Plaintiff

was simply not paying attention, admittedly not looking where she was going, and tripped over a large, black bulk stock holder, which was clearly visible in contrast to the light gray colored carpeting of the aisle. Defendants' motion will therefore establish its entitlement to judgment as a matter of law.

For the foregoing reasons, CVS respectfully seeks a conference to establish a briefing schedule for CVS's motion for summary judgment.

Respectfully submitted,

*Melissa Manna*

Melissa Manna

cc:

Via ECF
Si Aydiner, Esq.
Wiese Law Firm, P.C.
344 Willis Avenue
Mineola, New York 11501