

**WIESE & AYDINER, PLLC**
Attorneys at Law

344 Willis Avenue
Mineola, New York 11501
(T) 212-471-5108 (F) 646-585-0026

_____

16 June 2021

Via CM-ECF

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Mikucka v. CVS Pharmacy, Inc.*, 21-CV-00951-BMC
             Pre-motion conference letter

Dear Judge Cogan:

      My office represents plaintiff Bozena Mikucka ("Mikucka") in the captioned matter. Please accept this letter, pursuant to your Honor's Individual Practices Rule III.A.2, requesting a pre-motion conference to file a motion for summary judgment. This letter is timely thru 17 June 2021. (Minute Entry Order dated 11 March 2021). The bases for our anticipated motion follow a brief recitation of the material facts.

I.      Background

      On 20 September 2021 Mikucka entered a CVS Pharmacy ("CVS") located in Metropolitan Avenue in Queens County, New York. Upon entry, she went to the pharmacy, obtained her prescription, and proceeded to aisle 7 for Jet-Dry, a dishwasher rinse aid. At the end of this aisle, CVS employed an endcap that, in retail, is a display for products at the end of an aisle. As CVS acknowledged at its deposition and in other suits, endcaps are designed to promote impulse purchases.

      After Mikucka obtained the Jet-Dry, she turned to her right with her left shoulder facing the shelving, and observed a woman pushing a stroller with a young child to her right approaching. Influenced by the COVID-19 pandemic, this woman directed Mikucka to make room for her to pass. Mikucka, then, took a few steps backward when the back of her left foot struck a pallet, employed as an endcap, causing her to fall backward. While there is a factual dispute as to whether the pallet was empty, this is immaterial for summary judgment.

      Deposition testimony from CVS designees established that the pallet was known to encroach the walkway of aisle 7. Stated differently, CVS knew that the pallet at aisle 7 created a mechanical obstruction. While CVS claimed otherwise in discovery, a recent site inspection and photographs contemporaneous to the accident, confirmed that CVS's pallet exceeded the width of

the adjacent shelving by approximately one foot. (CVS's pre-motion letter continues to misstate the dimensions of the pallet.) And as a result, CVS created the dangerous condition. Mikucka's claim that the pallet encroached approximately five-to-six inches was corroborated by a CVS designee.

II.     Standard of Review

Under the locus of the tort principle, New York law applies because it has the most significant (if not only) relationship to the occurrence. A claim for negligence requires the elements of duty, breach, causation, damages, and notice. *Japan Airlines Co. v. Port Auth.*, 178 F.3d 103, 109-10 (2d Cir. 1999). And perhaps more importantly, New York law does not require a plaintiff to demonstrate that she is free from comparative negligence in order to obtain summary judgment. *Rodriguez v. City of New York*, 31 N.Y.3d 312, 323, 76 N.Y.S.3d 898, 905 (2018).

Discovery has yielded four reasons supporting negligence as a matter of law against CVS. First, it is undisputed that CVS employed a pallet it knew encroached the aisle walkway and discovery has demonstrated that this pallet exceeded the width of the shelving. Second, CVS—at this store, and elsewhere, has specific notice that endcaps encroaching a walkway constitute trip hazards. Third, CVS's mantra-like defense this encroachment nevertheless complied with its internal practices and procedures has been rejected by its own designee. Fourth, numerous retail safety standards have been violated.

The triable issues of fact in this case are, of course, comparative liability and damages.

Respectfully submitted,

Wiese & Aydiner, PLLC

*SA*

Si Aydiner

cc:     Via CM-ECF
        Melissa Manna
        Counsel for defendants