

**WIESE & AYDINER, PLLC**
Attorneys at Law

344 Willis Avenue
Mineola, New York 11501
(T) 212-471-5108 (F) 646-585-0026

---

16 June 2021

Via CM-ECF

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Mikucka v. CVS Pharmacy, Inc.*, 21-CV-00951-BMC
             Response to defendants' pre-motion conference request

Dear Judge Cogan:

    My office represents plaintiff Bozena Mikucka ("Mikucka") in the captioned matter. Please accept this letter, pursuant to your Honor's Individual Practices Rule III.A.2, responding to defendants CVS Pharmacy, Inc., and CVS Albany, LLC's (collectively "CVS") pre-motion conference to move for summary judgment. CVS's anticipated motion implicates one negligence element—duty—on the basis that the defective condition was open and obvious. This anticipated motion is without merit.

    As the court may be aware, Mikucka took two steps backward to make room for a woman pushing a stroller alongside another child when her left foot struck an empty pallet, causing her to fall. Based on the testimony of two CVS designees, it is undisputed that the pallet (or bulk stock holder) was known by CVS to encroach the aisle's walkway. While CVS claims the pallet is 37" x 37" x 5", there is no factual basis for this assertion. Pre-suit photographs, and a site inspection, confirmed the pallet was 48" x 5." This is significant because a 48-inch pallet exceeds the adjacent shelving by approximately 12 inches—establishing that CVS created a dangerous condition it was otherwise aware of. Mikucka's testimony, consistent with a CVS designee, was that the pallet encroached approximately five to six inches into the aisle. This is, of course, the backdrop to analyzing CVS's open and obvious defense.

    The open or obvious defense is predicated on the judicial intuition that a "hazard or dangerous condition must be of a nature that could not reasonably be overlooked by anyone in the area whose eyes were open, making a posted warning of the presence of the hazard superfluous." *Westbrook v. WR Activities-Cabrera Mkts.*, 5 A.D.3d 69, 71, 773 N.Y.S.2d 38, 41 (1st Dep't 2004). And following a comprehensive review, the Second Circuit observed that under New York law, "the open and obvious nature of a dangerous condition on its property does *not relieve* a landowner from a duty of care where harm from an open and obvious hazard is readily foreseeable by the landowner and the landowner has reason to know that the visitor *might not expect or be distracted*

from observing the hazard." *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 121 (2d Cir. 2000) (emphasis added). In support of its defense, CVS raises three arguments.

First, CVS suggests that Mikucka failed to observe the area of the accident before her fall. This, of course, is inaccurate. Mikucka testified that she observed the general area of the accident but could not appreciate the pallet's encroachment "because of its color" while twenty-to-twenty-five away. And while Mikucka was, of course, in the process of taking a step backwards when she struck the pallet, the failure to look exactly where you are stepping is not a basis for dismissal. *Tagliavia v. Trump Castle Assocs.*, 7 Fed. Appx. 37, 38 (2d Cir. 2001) (reversing dismissal where plaintiff, immediately before falling, "had turned her head to look in the direction of her daughter.").

Second, as a corollary, CVS's claim that the black pallet was visible against the "light gray colored carpeting" is bombast rather than bombshell. As the photographs show, the black (then-empty) pallet sat on a black-and-gray carpet. The lack of a contrast is apparent in photographs and indicative of a greater pathology of departures from merchandising safety standards discussed later. Indeed, discovery revealed a Nassau County CVS employing a pallet with bright spray paint to powerfully contrast against blending colors consistent with merchandising standards.

Third, CVS's mantra like claim that its aisles were compliant with the Americans with Disability Act, because it had a width of 36 inches, is largely subterfuge. While CVS's internal practices adopt this threshold, a CVS designee conceded that internal policy required 36 inches *and* no obstructions in the walkways. Furthermore, violations of multiple merchandising safety standards were pled and are, otherwise, relevant here. For example, the National Safety Council's *Accident Prevention Manual for Business & Industry* directs that display platforms should "us[e] colors or lighting that contrasts with the floor or carpet, and do not allow them to obstruct aisles." *Id.* p. 792. Likewise, a platform, itself, should be at least six inches high—but was five inches here. *Id.*; *accord* National Safety Council, Data Sheet 495 (identifying platforms "protruding into traffic lanes" as a trip hazard). Even Lozier, the manufacturer of the shelving used by CVS adjacent to the pallet, warned that displays should never "protrude into an aisle." Perhaps more importantly, CVS had been previously sued successfully in a similar accident, *Dinkle v. Highland Park CVS, LLC*, No. 12-L-3770 (Ill. App. Ct. 2016),[1] while it acknowledged a *prior* trip and fall on an end cap at this store.

In support of its position, CVS cites, principally, *Matteo v. Kohl's Dep't Store, Inc.*, No. 09-CV-7830, 2014 U.S. Dist. LEXIS 4146, (E.D.N.Y. 13 Jan. 2014). Careful review of *Matteo* reveals it is inapposite and entitled to no weight. In *Matteo*, the plaintiff tripped on display rack wheels that protruded into the walkway. In finding the hazard open and obvious, the court noted several factors not present here. For example, plaintiff claimed the wheels protruded six to twelve inches whereas defendant, consistent with photographs, claimed the protrusion was two or three inches. Here, there is consensus testimony that the pallet, in exemplar photos, was five to six inches into the walkway. Perhaps more importantly, the court found that plaintiff "approached the display rack and was inspecting the merchandise on it for several minutes before she tripped." There is no analogue here, Mikucka's encounter with the pallet did not result from a prolonged encounter with

its items. Differences in the size of the obstruction and the pre-accident interaction between plaintiff and instrumentality militate strongly against *Matteo's* application here.

  Contrary to CVS's claim, because a pallet encroaching the aisle is inherently dangerous—as reflected in various safety standards and CVS's internal practices aiming to combat it—the open and obvious defense, here, is relevant to comparative negligence. *Villalba v. Robo-Breaking Co.*, No. 11-CV-1030, 2014 U.S. Dist. LEXIS 137891, *24 n.12 (E.D.N.Y. 29 Sep. 2014). And as identified in Mikucka's pre-motion letter, she does not have to disprove the existence of comparative negligence in order to obtain, at minimum, partial summary judgment against CVS for the elements of notice and breach.

       Respectfully submitted,

       Wiese & Aydiner, PLLC

         *SA*

        Si Aydiner

cc: Via CM-ECF
   Melissa Manna
   Counsel for defendants