

Cullen and Dykman LLP
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
T: 516.357.3700
F: 516.357.3792

MELISSA MANNA
PARTNER
DIRECT: 516-357-3753
E-mail: MMANNA@CULLENLLP.COM

June 17, 2021

Via CM-ECF

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Mikucka v. CVS Pharmacy, Inc.*, 21-CV-00951-BMC
              <u>Response to plaintiff's pre-Motion conference request</u>

Dear Judge Cogan:

We represent the defendants in the above-captioned action. Pursuant to Your Honor's Individual Practices, Rule III A. 2. we write to respond to plaintiff's letter, dated June 16, 2017, requesting a pre-motion motion conference to file a motion for summary judgment. The defendants respectfully object to same.

Initially, in the plaintiff's request letter, the facts are misstated. Plaintiff indicates the instrumentality involved in the subject accident was an "endcap". However, the testimony of the two CVS witnesses indicates that the instrumentality involved was not an endcap, but rather a bulk stack holder, which is used to display bulk items, such as packs of paper towels and other items that would otherwise not fit on shelves. The bulk stack holder is a standard size and is placed on the floor of the store, with the bulk items stacked on top of it. The testimony revealed that at the beginning and end of every aisle there is an end cap *or* a bulk stack holder. An "endcap" is typically used for small items. Furthermore, the instrumentality is then referred to as a "pallet". The teismtony of CVS unequivocally indicated that pallets are used only for transferring stock from the warehouse to the stores, whereas bulk stack holders are designed to be placed on the sales floor with bulk items stacked on top of them.

It is asserted in the plaintiff's letter that the CVS employees knew that the pallet created a mechanical obstruction. There is no testimony to that effect in the record. In fact, the testimony

revealed the bulk stack holders are used in every store and are replenished often, so that the holder is never empty.

Next, it is stated, without any evidence, that the pallet exceeded the width of the shelving by a foot. This is disputed by plaintiff's own testimony.

Plaintiff cites to *Rodriguez v. City of New York,* 31 N.Y.3d 312, 76 N.Y.S.3d 898 (2018) in an attempt to establish that the summary judgment motion would be viable because plaintiff does not have to prove freedom from comparative fault. Even so, to obtain summary judgment, a plaintiff is still required to establish, *prima facie*, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries by submitting proof in admissible form that eliminates all material issues of fact on these issues.[i]

It is respectfully submitted that plaintiff cannot make such a showing. Plaintiff was admittedly walking backwards at the time of the incident, not looking where she was going, and the bulk stack holder, with bulk items stacked on top of it, was not an inherently dangerous condition, but was open and obvious and readily observable and not actionable.

Plaintiff's allegation that discovery has revealed four reasons supporting negligence against CVS, is completely without merit. As revealed in discovery, CVS uses bulk stack holders in all of its stores, they are not dangerous, they are filled with product and readily observable, comply with ADA and NYS Building Standards, which are not internal practices, and which were never "rejected" by any CVS employee as stated in plaintiff's letter. There is no evidence or discovery that has shown that any "retail safety standards" have been violated.

Importantly, discovery has revealed, that there was no negligence whatsoever on the part of CVS and plaintiff's accident occurred, very simply, because she was walking backwards, and not paying attention, or imploring the use of her senses to see where she was going.

For the foregoing reasons, CVS respectfully responds and objects to plaintiff's letter requesting a pre-motion conference.

Respectfully submitted,

*Melissa Manna*

Melissa Manna

cc:
Via ECF
Si Aydiner, Esq.
Wiese Law Firm, P.C.
344 Willis Avenue
Mineola, New York 11501

---

[i] *Sanders v Sangemino*, 185 AD3d 617, 618 [2d Dept 2020], *lv to appeal dismissed,* 35 NY3d 1110 [2020]